**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 KA 1353

STATE OF LOUISIANA

VERSUS

JASON LEON GRIFFIN

MAY 3 1 2024

Judgment Rendered:_____

* * * * * * *

On Appeal from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 5305-F-2020

Honorable Alan A. Zaunbrecher, Judge Presiding

* * * * * * *

Warren L. Montgomery
District Attorney
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Attorneys for Appellee
State of Louisiana

Gwendolyn K. Brown
Baton Rouge, Louisiana

Attorney for Defendant/Appellant
Jason Leon Griffin

* * * * * * *

BEFORE: THERIOT, PENZATO, AND GREENE, JJ.

**PENZATO, J.**

The defendant, Jason Leon Griffin, was charged by amended bill of information with possession with intent to distribute a Schedule I controlled dangerous substance (CDS) (heroin) (count I), a violation of La. R.S. 40:966(A)(1) and (B)(3)(a), and possession with intent to distribute a Schedule II CDS (methamphetamine) with an aggregate weight of more than twenty-eight grams (count II), a violation of La. R.S. 40:967(A)(1) and (B)(1)(b).[1] He pled not guilty and, following a jury trial, was found guilty as charged on both counts. The trial court sentenced the defendant to twenty years imprisonment at hard labor on count I and a concurrent sentence of twenty years imprisonment at hard labor on count II.

Thereafter, the State filed a habitual offender bill of information alleging the defendant was a fourth-felony habitual offender as to both counts.[2] Following a hearing, the trial court adjudicated the defendant a fourth-felony habitual offender, vacated the "sentence" imposed, and sentenced him to forty years imprisonment at hard labor without benefit of probation or suspension of sentence. The defendant appealed, and this court vacated the sentence and remanded for resentencing, as the trial court failed to impose separate sentences for counts I and II. *State v. Griffin*, 2023-0072 (La. App. 1st Cir. 9/15/23), 2023 WL 5991902, *2 (unpublished).

On remand, the trial court sentenced the defendant to forty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on count I and a concurrent sentence of twenty years imprisonment at hard

---

[1] The State also charged Kaci L. Giovengo, Jermaine L. Griffin, and Anthony Michael Glazier under the bill of information.

[2] The defendant's fourth-felony habitual offender status is based on three prior convictions in the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana: (1) a January 5, 2000 conviction for distribution of an imitation schedule II CDS, Docket No. 305294; (2) an August 31, 2011 conviction for distribution of a schedule II CDS, Docket No. 451999; and (3) an October 17, 2017 conviction for possession or introduction of contraband in a state correctional institution, Docket No. 588025.

2

labor on count II.[3] The defendant then filed the instant appeal, designating three assignments of error. For the following reasons, we affirm the convictions, habitual offender adjudication, and sentence on count II and vacate the sentence and remand for resentencing on count I.

## FACTS

In August 2020, a confidential informant advised the Slidell Police Department (SPD) that the defendant and his brother, Jermaine Griffin, were selling narcotics at Jermaine's apartment. On two separate occasions, the informant, under the supervision of officers, bought methamphetamine from Jermaine and turned it over to the SPD. While executing a search warrant at the apartment, officers discovered the defendant on a sofa with multiple bags containing a substance later identified as methamphetamine, as well as a container filled with a substance later identified as heroin, for which he was then arrested.

## *BATSON* CHALLENGE

In his first and second assignments of error, the defendant argues the trial court erred in denying his *Batson* challenge with respect to prospective juror Dayna Finley and further erred in denying his motion for new trial which was based, in part, on the same grounds.

In *Batson v. Kentucky*, 476 U.S. 79, 93-98, 106 S.Ct. 1712, 1721-1724, 90 L.Ed.2d 69 (1986), the United States Supreme Court adopted a three-step analysis to determine whether the constitutional rights of a defendant or prospective jurors have been infringed by impermissible discriminatory practices. First, the defendant must make a prima facie showing the prosecutor exercised peremptory challenges on the basis of race. Second, if the requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors

---

[3] The trial court enhanced only the sentence on count I pursuant to the defendant's adjudication as a fourth-felony habitual offender.

3

in question. Finally, the trial court must determine whether the defendant carried his burden of proving purposeful discrimination. *State v. Battley*, 2022-0940 (La. App. 1st Cir. 7/6/23), 371 So.3d 94, 99.

In order to establish a prima facie showing, the defendant must demonstrate: (1) the prosecutor's challenge was directed at a member of a cognizable group; (2) the challenge was peremptory rather than for cause; and (3) circumstances sufficient to raise an inference the prosecutor struck the prospective juror on the basis of his being a member of that cognizable group. *State v. Henderson*, 2013-0074 (La. App. 1st Cir. 9/13/13), 135 So.3d 36, 44-45, writ denied, 2013-2327 (La. 3/21/14), 135 So.3d 617. The defendant may offer any facts relevant to the question of the prosecutor's discriminatory intent, including a pattern of strikes by a prosecutor against members of a suspect class, statements or actions of the prosecutor during voir dire that support an inference that the exercise of peremptory strikes was motivated by impermissible considerations, the composition of the venire and of the jury finally empaneled, and any other disparate impact upon the suspect class that is alleged to be the victim of purposeful discrimination. *Id.* Without an inference that the prospective jurors were stricken because of their membership in a targeted group, the defendant is unable to make a prima facie case of purposeful discrimination, and his *Batson* challenge expires at the threshold. *Battley*, 371 So.3d at 99.

Following voir dire examination of the first panel of prospective jurors, the State exercised a peremptory challenge against Dayna Finley. Defense counsel noted Ms. Finley was the only African American on the panel and urged a *Batson* challenge. The State argued the defendant failed to make a prima facie showing but offered to provide a race-neutral reason for the strike. The trial court agreed the defendant failed to meet his burden under the first step of *Batson* and denied the defendant's challenge. The defendant noted his objection.

4

In this case, following voir dire examination of the second panel of prospective jurors, the State exercised a peremptory challenge against Kasey Duvernay. The defendant raised a second *Batson* challenge, noting Ms. Duvernay was one of two African Americans on the panel, and the only African American on the prior panel, Ms. Finley, was also excused. The trial court found the defendant established a prima facie case of purposeful discrimination and required the State to provide race-neutral reasons for challenging Ms. Duvernay.

The State indicated Ms. Duvernay believed the use of other crimes evidence under La. C.E. art. 404(B) was fundamentally unfair and further believed the criminal justice system was a "business" and too focused on incarceration. [4] The defendant then requested the trial court inquire about the race-neutral reasons for excusing Ms. Finley from the first panel of prospective jurors. The following colloquy occurred:

> **THE COURT:** We are talking about this one.
>
> Do you have a response to the points that the State made in response to – or in an effort to establish a neutral explanation?
>
> **[DEFENSE COUNSEL]:** No, Judge. The State can say what they want, but this is two for two.
>
> **THE COURT:** [T]he Court finds that given the totality of the circumstances, the explanation is adequate and … there is no purposeful discrimination in the challenge of [Ms. Duvernay].
>
> **[COUNSEL FOR THE STATE]:** And Your Honor, can I make one more statement for the record?
>
> In the first panel, I would point out that the State struck Juror Number 15 … for making almost identical comments that were made by Ms. Duvernay, and he for the record was a white male.

---

[4] Ms. Duvernay raised her hand in response to the following question by counsel for the State: "Does anybody think that it is unfair that the law allows us in some instances to put on evidence of past criminal behavior?" After further questioning by the State, Ms. Duvernay indicated she could consider evidence of past criminal behavior for the limited purpose that it is supposed to be considered.

Ms. Duvernay stated the following with respect to the judicial system: "I think it's a business. It's a big business. Like anything, there are the pros and cons of a business. … I think that I would like to see different ways of conviction such as rehabilitation. … just having a different outlet rather than incarceration."

**THE COURT:** Okay. And any response to the final point you want to put on the record?

**[DEFENSE COUNSEL]:** No, Judge.

On appeal, the defendant does not contest the trial court's denial of his *Batson* challenge in the case of Ms. Devernay. Rather, he argues the trial court erroneously required more than a single racially-motivated strike to establish a prima facie case under *Batson*, thereby denying the defendant's initial challenge to Ms. Finley without proper consideration. The defendant further argues that once he established a prima facie case with respect to Ms. Duvernay, the trial court erred in refusing to revisit its prior ruling with respect to Ms. Finley. We disagree.

A prima facie case of discrimination can be made by offering a wide variety of evidence, so long as the sum of the proffered facts gives "rise to an inference of discriminatory purpose." *Johnson v. California*, 545 U.S. 162, 169, 125 S.Ct. 2410, 2416, 162 L.Ed.2d 129 (2005), quoting *Batson*, 476 U.S. at 94, 106 S.Ct. at 1721 (footnote omitted). The mere invocation of *Batson* when minority prospective jurors are peremptorily challenged does not present sufficient evidence to lead to an inference of purposeful discrimination. See *State v. Draughn*, 2005-1825 (La. 1/17/07), 950 So.2d 583, 603, cert. denied, 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007).

Herein, the defendant failed to make a prima facie showing the State exercised a peremptory challenge against Ms. Finley on the basis of race. While a pattern of strikes is not required to satisfy the prima facie requirements under *Batson*, the defendant must come forward with facts, *not numbers alone*, when asking the trial court to find a prima facie case of purposeful discrimination. See *State v. Duncan*, 99-2615 (La. 10/16/01), 802 So.2d 533, 549-50, cert. denied, 536 U.S. 907, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002).

A thorough review of the record reveals the trial court, State, and defendant were all actively engaged in a full and complete voir dire. The State used the same questions throughout its voir dire, and there is no indication any particular prospective jurors were "targeted" for more questioning in an attempt to provoke a certain response. See *Draughn*, 950 So.2d at 604. The defendant herein relied solely on the fact that the State exercised a peremptory challenge against Ms. Finley, the only African-American juror on the first panel, to urge his initial *Batson* objection. Absent any other indicia of discriminatory intent, the trial court could not have inferred the State challenged Ms. Finley because she was a member of a targeted group. An analysis of the voir dire as a whole convinces us the trial court was correct in its determination the defendant did not make a prima facie showing of purposeful discrimination in his *Batson* objection with respect to Ms. Finley. *Id.*

After the trial court determined the defendant established a prima facie case of purposeful discrimination in the State's challenge of Ms. Devernay, the State explained its race-neutral reasons for its challenge. Thereafter, the defendant failed to offer any additional facts or circumstances sufficient to raise an inference the State struck Ms. Finley on the basis of race other than stating, "this is two for two." The trial court found no purposeful discrimination in the State's challenge of Ms. Duvernay, and absent any additional facts, we find the trial court did not err in declining to revisit its prior ruling with respect to Ms. Finley.

Accordingly, the trial court properly denied the defendant's *Batson* challenge and motion for new trial, and these assignments of error are without merit.

## PAROLE ELIGIBILITY

In his third assignment of error, the defendant argues the trial court erred in restricting his parole eligibility on count I. The State concedes this assignment of error has merit. We agree.

7

As to count I, possession with intent to distribute heroin, whoever possesses a substance classified in Schedule I as heroin shall be imprisoned at hard labor for not less than five years nor more than forty years and may, in addition, be fined not more than fifty thousand dollars. La. R.S. 40:966(B)(3).[5] Following the defendant's adjudication as a fourth-felony offender, he faced a sentencing range of not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life. La. R.S. 15:529.1(A)(4)(a). Additionally, any sentence imposed under La. R.S. 15:529.1 shall be at hard labor without benefit of probation or suspension of sentence. La. R.S. 15:529.1(G).

The defendant was sentenced to forty years imprisonment without benefit of parole, probation, or suspension of sentence. Therefore, because the applicable statutes do not restrict such, the trial court erred in restricting the defendant's parole eligibility. See *State v. Sullivan*, 2022-0561 (La. App. 1st Cir. 11/17/22), 356 So.3d 1075, 1079. Accordingly, we vacate the sentence and remand for resentencing on count I in accordance with La. R.S. 15:529.1(A)(4)(a) and (G).

**CONVICTIONS AND HABITUAL OFFENDER ADJUDICATIONS AFFIRMED. SENTENCE ON COUNT II AFFIRMED; SENTENCE ON COUNT I VACATED; REMANDED FOR RESENTENCING ON COUNT I.**

---

[5] La. R.S. 40:966(B)(3) was revised subsequent to the instant offense. The sentencing range for this offense is now contained in La. R.S. 40:966(B)(3)(a).

8